IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 6, 2018 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TN v. JEREMY BRITTENUM

**Appeal from the Circuit Court for Davidson County
No. 16C732   Hamilton V. Gayden, Jr., Judge**

_____

### No. M2016-02586-COA-R3-CV

_____

This is an animal cruelty case.  The circuit court entered an order finding Appellant guilty of numerous violations of the city's animal cruelty, animal hoarding and vaccinations ordinances.  Because the trial court did not make sufficient findings of fact as required under Tennessee Rule of Civil Procedure 52.01, we vacate the trial court's judgment.

**Tenn. R. Civ. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and W. NEAL MCBRAYER, JJ., joined.

Courtney A. Teasley, Nashville, Tennessee, for the appellant, Jeremy Brittenum.

Emily Herring Lamb, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville & Davidson Co.

## OPINION

### I.     Background

On December 16, 2015, Appellant Jeremy Brittenum was cited for violation of Nashville and Davidson County Metropolitan Codes §§ 8.12.030 (Animal Cruelty), 8.12.080 (Companion Animal hoarding), and 8.04.020 (Rabies vaccination required). Over the next two months, Appellant was cited multiple times for violating the animal cruelty ordinance.  In total, Appellant was cited by Appellee, Metropolitan Government

of Nashville and Davidson County, for 25 violations of the Metropolitan Code. These violations stemmed from Appellant keeping fifteen dogs on his property, some of which were either not properly tethered or not provided adequate shelter.

This matter was initially heard by a referee in the Environmental Court for Davidson County. Appellant appeared, *pro se,* and was found guilty of the aforementioned violations and ordered to surrender all but five of his animals. Appellant filed a motion for rehearing before the judge, which was granted. On March 11, 2016, Appellant was again found guilty of violating the Metropolitan Code and ordered to surrender all of his animals. Appellant appealed to Circuit Court ("trial court"). The trial court consolidated the 25 citations and heard the case, *de novo,* on December 16, 2017. A final judgment was entered on January 5, 2017 finding Appellant guilty on all counts. The trial court assessed a $10.00 fine for each citation, but suspended the fines. The trial court also ordered Appellant to surrender ten of his dogs to Metro Animal Care and Control within two weeks and enjoined him from owning more than five dogs for the next three years. Appellant appeals.

Although Appellant raises several issues on appeal, we do not reach the substantive issues due to the trial court's failure to make sufficient findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01. Tennessee Rule of Civil Procedure 52.01 states that "[i]n all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." (emphasis added). Prior to July 1, 2009, trial courts were not required to make findings of fact and conclusions of law unless requested by the parties. *See* **Poole v. Union Planters Bank N.A.**, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010). Rule 52.01 now mandates that trial courts make findings of fact and conclusions of law regardless of the parties' request.

This requirement is not a "mere technicality." *See* **Hardin v. Hardin**, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (quoting **In re K.H.**, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. 2009)). "[F]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision." **Lovlace v. Copley**, 418 S.W.3d 1, 34 (Tenn. 2013). Additionally, findings of fact "evoke care on the part of the trial judge in ascertaining and applying the facts. Indeed, by clearly expressing the reasons for its decision, the trial court may well decrease the likelihood of an appeal." **Lovlace**, 418 S.W.3d at 34-35 (internal citations and footnotes omitted).

Although there is no bright-line test by which to assess the sufficiency of factual findings, generally "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." **Lovlace**, 418 S.W.3d at 35 (citing 9C Charles Wright et al., Federal Practice and Procedures § 571 at 219-233 (3d ed. 2005)). "Simply

stating the trial court's decision, without more, does not fulfill [the Rule 52.01] mandate." **Cain-Swope v. Swope**, 523 S.W.3d 79, 86 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. Apr. 12, 2017) (quoting **Gooding v. Gooding**, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015)); *see* **Barnes v. Barnes**, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012).

In this case, the trial court's order states only that "[b]ased upon … the testimony of both Metro Animal Care and Control ("MACC") Officer Cory Wells and the [Appellant] . . . . [Appellant] is guilty on all twenty-five counts of violating Metropolitan Code of Laws §§8.12.030 and 8.12.080 and is ordered to pay $10 on each count, which is suspended by the Court." The trial court's order also outlines additional consequences and injunctions based on its initial finding of guilt. However, the trial court fails to make any findings of fact. In the absence of written findings of fact and conclusions of law, "this court is left to wonder on what basis the court reached its ultimate decision." **In re Estate of Oakley**, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 (Tenn. Ct. App. Feb. 10, 2015) (quoting **In re Christian G.**, No. W2013-02269-COA-R3JV, 2014 WL 3896003, at *2 (Tenn. Ct. App. Aug. 11, 2014)) *see* **In re K.H.**, No. 2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009).

When a trial court's order fails to meet the requirements of Rule 52.01, "the appropriate remedy is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" **Roney v. Nordhaus**, No. M201402496COAR3CV, 2015 WL 9594638, at *2 (Tenn. Ct. App. Dec. 30, 2015) (quoting **Hardin**, 2012 WL 6727533 at *5); *see also* **Lake v. Haynes**, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). Because the trial court did not comply with Rule 52.01, we cannot conduct a meaningful review. Accordingly, we vacate the judgment of the trial court, *in toto,* and remand the cause with instructions to issue an order compliant with Tennessee Rule of Civil Procedure 52.01.

### V. Conclusion

For the foregoing reasons, we vacate the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellee, Metropolitan Government of Nashville and Davidson County, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE